Page 1 of 6

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**EBONY BRADWELL,**

**Plaintiff,**

**vs.** **Case No. 4:26cv144-MW-MAF**

**RTI INTERNATIONAL,**

**Defendant.**

**_____________________________/**

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* Plaintiff's third amended complaint [hereinafter "complaint"]. ECF No. 12. Plaintiff's complaint has been reviewed to determine if it is sufficient to state a claim, complies with the prior Order directing amendment, *see* ECF No. 10, and shows that venue and jurisdiction are appropriate. Finding the complaint insufficient as filed, it is recommended that one of Plaintiff's claims be dismissed, but the other claim be permitted to proceed.

Plaintiff alleges that she is an African American female employee who suffered racial discrimination and retaliation after complaining about workplace treatment. ECF No. 12 at 4-13. Her employment was

terminated in July of 2024. *Id.* at 13. Plaintiff alleged that she filed charges with the Equal Employment Opportunity Commission on September 9, 2024. *Id.* at 14; *see also* pgs. 32-33. She received a Notice of Right to Sue letter that same month. *Id.* at 14; *see also* pg. 37.

Plaintiff's instant complaint once again asserts claims under both Title VII and 42 U.S.C. § 1981 for intentional racial discrimination. *Id.* at 4-5, 12. Plaintiff has twice been informed that her Title VII claims cannot proceed if the complaint was filed in this Court more than 90 days after receipt of the Right to Sue letter. *See* ECF No. 8 at 2; ECF No. 10 at 1-2. It is well established that to maintain a Title VII claim, the Plaintiff "has the initial burden of establishing that" the complaint was filed within ninety days of receipt of the EEOC's right-to-sue letter. Green v. Union Foundry Co., 281 F.3d 1229, 1233 (11th Cir. 2002) (citing to 42 U.S.C. § 2000e–5(f)(1)). Plaintiff alleges that the right to sue letter was issued in 2024. ECF No. 12

at 14.[1] Therefore, because this case was not filed until March 30, 2026, the Title VII claims are barred as untimely.

Notably, Title VII's ninety-day filing requirement may be "subject to equitable tolling." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). Yet Plaintiff has the burden to show that the "extraordinary remedy" of equitable tolling is appropriate. Mesidor v. Waste Mgmt., Inc. of Fla., 606 F. App'x 934, 936 (11th Cir. 2015). Here, Plaintiff submitted a statement with her complaint to argue that extraordinary circumstances support equitable tolling for her claims. ECF No. 12 at 20. However, Plaintiff's arguments pertain to financial hardship; Plaintiff has not shown "extraordinary circumstances such as fraud, misinformation, or deliberate concealment" which are necessary for equitable tolling. *See* Jackson v. Astrue, 506 F.3d 1349, 1352 (11th Cir. 2007); Mesidor, 606 F. App'x at 935.

---

[1] The Court questions whether the EEOC complaint could have been filed on September 9, 2024, and dismissed that same month. ECF No. 12 at 14. Nevertheless, Plaintiff has not clarified or shown that the EEOC issued the Right to Sue letter at any time after December 30, 2025, which would be 90 days before this case was initiated. *See* ECF No. 1. Considering that the timeliness issue was raised by this Court, Plaintiff had adequate notice of the need to properly present this claim if the date of the EEOC letter was incorrect.

In this Circuit, "[e]quitable tolling of Title VII's statute of limitations may be appropriate if (1) a state court action is pending; (2) the defendant concealed acts giving rise to a Title VII claim; or (3) the defendant misled the employee about the nature of his rights under Title VII." Manning v. Carlin, 786 F.2d 1108, 1109 (11th Cir. 1986) (quoted in Mesidor, 606 F. App'x at 936). However, it does not save a Title VII claim from the statute of limitations when the Plaintiff "knew or reasonably should have known that she was discriminated against." Carter v. W. Pub. Co., 225 F.3d 1258, 1265 (11th Cir. 2000). Put another way, equitable tolling is appropriate when a plaintiff demonstrates that a complaint was belatedly filed after the deadline "because of extraordinary circumstances that are both beyond [her] control and unavoidable even with diligence." Camps v. Bravo, 142 F.4th 743, 750 (11th Cir. 2025). Plaintiff has not made that showing in this case, especially considering that pursuant to Plaintiff's sworn allegations in the complaint, the 90 day deadline expired by the end of 2024. There is no basis to find that equitable tolling excused the 15 month delay in initiating this case. The Title VII claims should be dismissed.

This Report and Recommendation is made because Plaintiff did not take advantage of the opportunities provided to submit a proper amended

complaint limited only to her § 1981 claim. However, Plaintiff should be permitted to proceed with her § 1981 claim for intentional racial discrimination because "a plaintiff is not required to exhaust his administrative remedies before filing a § 1981 action in federal court." Price v. M & H Valve Co., 177 F. App'x 1, 9 (11th Cir. 2006).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Title VII claims as presented within the third amended complaint, ECF No. 12, be **DISMISSED** for failure to exhaust administrative remedies as required by 42 U.S.C. § 2000(e)-5(f)(1), but this case should be **REMANDED** for further proceedings on the remaining § 1981 claim.

**IN CHAMBERS** at Tallahassee, Florida, on August 10, 2026.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R.**

**Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**