**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**EBONY BRADWELL,**

***Plaintiff*,**

**v.** **Case No.: 4:26cv144-MW/MAF**

**RTI INTERNATIONAL,**

***Defendant*.**
**___________________________/**

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 13, and has also reviewed *de novo* Plaintiff's objections, ECF No. 14. As noted in the report and recommendation, Plaintiff's Title VII claim is due to be dismissed as untimely. Plaintiff's objections regarding her equitable tolling argument do not move the ball. Plaintiff alleges she was terminated on or around July 17, 2024, ECF No. 12 at 13, and received her right-to-sue letter from the EEOC in September 2024. However, she did not file her lawsuit in this case until March 30, 2026. ECF No. 1. Ultimately, Plaintiff contends she was diligently addressing other personal issues and subject to financial hardships following multiple hurricanes in the fall of 2024, which goes to explain the lengthy delay in her filing this action after she received a right-to-sue letter from the EEOC in September 2024. But Plaintiff's assertion that she made repeated attempts "to obtain

assistance concerning the circumstances affecting her employment, wages, and financial stability," by seeking "assistance, ma[king] complaints, communicat[ing] with governmental and administrative entities," etc., ECF No. 14 at 4, belies the implication that she was prevented from filing a timely Title VII claim. Ultimately, Plaintiff's objections fail to demonstrate that equitable tolling applies to save her untimely Title VII claim. *See Wakefield v. Cordis Corp.*, 211 F. App'x 834, 836–37 (11th Cir. 2006) (noting that equitable tolling "is an extraordinary remedy which should be extended only sparingly," and rejecting argument where there was "no evidence that the FCHR or the EEOC did anything to discourage [the plaintiff] from bringing a prompt suit in federal court after he received the purported 'right-to-sue' letter.").

Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 13, is **accepted and adopted**, over the Plaintiff's objections, as this Court's opinion. Plaintiff's Title VII claim is **DISMISSED** as untimely as it was filed more than 90 days after Plaintiff received her right-to-sue letter from the EEOC. However, Plaintiff may proceed with her

section 1981 claim, which is remanded to the Magistrate Judge for further proceedings.

**SO ORDERED on September 4, 2026.**

**s/Mark E. Walker**
**United States District Judge**